# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RAYMOND A. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00954-NKL |
| | ) |
| JOE PICCININI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is defendant Joe Piccinini's motion for costs, Doc. 89, following plaintiff Raymond Richards' voluntary dismissal of this action. For the following reasons, Defendant's motion is denied.

## I. Background

On November 12, 2018, Plaintiff requested that the Court enter an order of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. 84. On November 13, 2018, the Court held a teleconference with the parties, during which counsel for Defendant stated that he did not object to dismissal without prejudice. However, counsel requested leave to file a motion for costs. Thereafter, the Court dismissed the case without prejudice and struck the December 3, 2018 evidentiary hearing and jury trial setting. Defendant subsequently filed the motion for costs currently before the Court.

## II. Discussion

The award of costs following a voluntary dismissal is left to the sound discretion of the district courts. *Herring v. City of Whitehall*, 804 F.2d 464, 466 (8th Cir. 1986). Under Federal

Rule of Civil Procedure 41(a)(2), a case can be voluntarily dismissed on "terms that the court considers proper." It is not uncommon for a court granting a motion for voluntary dismissal to impose a condition that the plaintiff pay the defendant reasonable attorney fees and/or costs incurred in defending suit if the case is refiled. *Travelers Indem. Co. of Missouri v. Adame & Assocs. of K.C., LLP*, No. 04-225-CV-W-GAF, 2007 WL 9718005, at *3 (W.D. Mo. May 3, 2007) (citing *Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977 (8th Cir. 1995)). However, "the Court is not obligated to do so." *Id.*; *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971–72 (8th Cir. 1984) (quoting *New York, C. & St. L.R.R. v. Vardaman*, 181 F.2d 769, 771 (8th Cir. 1950)) ("[O]mission of such condition is not necessarily an arbitrary act."). In those cases in which fees and expenses are warranted, they "must be confined to those referable only to the cause of action dismissed." *Vardaman*, 181 F.2d at 771; *see also Fix v. Cottrell, Inc.*, No. 04-1007-CV-W-GAF, 2006 WL 8438271, at *2 (W.D. Mo. Apr. 4, 2006) (limiting recovery to "reasonable attorneys' fees and costs related to certain portions of the present litigation which cannot be used in a subsequent court action").

Defendant has consented to Plaintiff's dismissal without prejudice. Doc. 89 (Motion for Costs), p. 1. Defendant, however, requests an award of "$3,567.75 in costs from Plaintiff as a result of preparation for trial in this matter" and for "legal prejudice" suffered. *Id.* at 1, 2.[1] The Court is cognizant of the significant time and efforts expended by Defendant to defend this action,

---

[1] Defendant asks that the Court consider four factors in making its determination: "(1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made." Doc. 89, p. 2 (quoting *Fed. Hous. Fin. Agency v. Marron (In re Fannie Mae Derivative Litig.)*, 725 F. Supp. 2d 147, 154 (D.C. Cir. 2010)). While the Eighth Circuit has applied similar factors, *see, e.g.*, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987), it was in the context of determining whether voluntary dismissal should be permitted, a question "not at issue" here, Doc. 89, p. 1. Nevertheless, each factor is addressed in the Court's analysis set forth below.

as well as Plaintiff's desire to prosecute this case at a later time. *See* Doc. 90 (Plaintiff's Opposition), p. 4 (indicating intent to refile in 2020 when "the PLRA no longer applies"). However, legal prejudice means "something other than the necessity that defendant might face . . . defending another action." *Kern*, 738 F.2d at 970. The expense and effort of drafting and responding to discovery prior to dismissal, likewise, does not constitute legal prejudice. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014).

Moreover, even if Plaintiff elects to refile this action, the imposition of duplicative expenses on Defendant is unlikely. It is only appropriate for a plaintiff to pay for costs that will have to be repeated if the case is refiled. *Kern*, 738 F.2d at 973 (citing *McLaughlin v. Cheshire*, 676 F.2d 855 (D.C. Cir. 1982)). Defendant seeks to recover deposition fees of six witnesses totaling $2,287.75, mediation fees of $875.00, and filing fees for removal to federal court of $405.00. Doc. 89, p. 6. But Defendant's expenses incurred in depositions, clearly would be of use in a second case. *See Kern*, 738 F.2d at 973 ("[A]ny discovery taken in the first action should be freely usable in the second, whether the refiling is in a state or a federal court."). Additionally, Defendant's costs of removal were voluntarily incurred; Defendant chose to seek a federal forum. *Lenzner v. J.C. Penney Corp.*, No. 4:10-CV-1159 CAS, 2010 WL 3362465, at *2 (E.D. Mo. Aug. 25, 2010). The Court also will not shift the cost of mutually beneficial mediation engaged in by the parties in the exploration of possible settlement.

Although Defendant points to Plaintiff's delay in seeking dismissal on the "eve of trial" as warranting the imposition of costs, Doc. 89, p. 1, Plaintiff provides sufficient explanation for his delay in seeking dismissal—"[T]he [remaining] uncertainty of the application of the PLRA's requirement that Plaintiff exhaust his administrative remedies and the attorney fee cap" so close to trial, coupled with a likely appeal delaying final resolution of Plaintiff's claims. Doc. 90, pp. 3,

3

4. Defendant argues that "there is no adequate explanation" for Plaintiff's counsel's failure "to discover within a reasonable period of time information regarding attorney's fees under the PLRA." Doc. 89, p. 4. However, the PLRA's attorney fee cap was not the sole motivating factor in Plaintiff's dismissal; when the case was dismissed the Court was still scheduled to hold an evidentiary hearing regarding Defendant's failure to exhaust defense, which could have precluded the case from advancing to trial if Defendant was successful. As a result, the Court finds that Plaintiff's actions in seeking dismissal were neither vexatious nor in bad faith. *See Lenzner*, 2010 WL 3362465, at *2 (finding no bad faith by plaintiff in seeking dismissal to pursue tactical advantage of refiling suit in state court). For these reasons, in the exercise of its discretion, the Court declines to attach conditions to the voluntary dismissal. *Id.*

### III. Conclusion

For the foregoing reasons, Defendant's motion for costs, Doc. 89, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 7, 2019
Jefferson City, Missouri